UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:                                                                                CASE NO:  15-17348 MER

DAVID W. HASKIN                                      CHAPTER 13

       DEBTOR

### CHAPTER 13 TRUSTEE'S MOTION TO MODIFY CHAPTER 13 PLAN

Adam M. Goodman, Standing Chapter 13 Trustee (the "Trustee"), files this Motion to Modify the Debtor's Chapter 13 Plan, and in support of this request, respectfully states the following:

1. Debtor David W. Haskin (the "Debtor") filed a petition for relief under Chapter 13 on July 1, 2015.  A Chapter 13 Plan of Reorganization was confirmed with respect to the Debtor on December 14, 2016 (the "Plan").

2. The Plan as confirmed provides that Debtor will pay all of his pre- and post-petition secured debt directly to the secured creditor, rather than through Plan payments to the Trustee's office.  This includes the mortgage debt originally held by JP Morgan Chase Bank and now held by MTGLQ Investors LP, and judgments held by Discover Bank, and Equitable Ascent Financial, respectively.  It appears the intent of the Plan was for the Trustee to pay the general unsecured debt, of which the confirmed plan anticipated a total of $74,459.55.

3. The total amount of unsecured debt set forth in the filed Proofs of Claim total $928.42.

4. JP Morgan Chase Bank filed a secured arrearage claim listing pre-petition arrearages in the amount of $15,083.63, but according to a stipulation filed on August 2, 2016, the arrearage through July 2016 totaled $24,887.63.

5. Although a secured claim was anticipated, Discover Bank filed an unsecured claim in the amount of $5,690.79.  No claim was filed by Equitable Ascent.

6. The Chapter 13 Trustee has a total of $30,976.80 on hand from Plan payments by the Debtor.  Since succeeding as Trustee on October 1, 2017, the undersigned has initiated numerous communications with Debtor's counsel, as well as counsel for MTGLQ Investors LP,[1] in an effort to establish the amounts of the remaining pre- and post-petition obligations owed to all allowed claimants.  The Trustee has suggested that Debtor could modify the Plan to allow the Trustee to use the funds on hand to satisfy all pre- and post-petition obligations, such that Debtor would be eligible, subject to the 11 U.S.C. § 1328 qualifications, to obtain a discharge.

---

[1] Trustee notes that counsel for MTGLQ Investors LP who was previously involved in assisting to resolve this matter, Jennifer Cruseturner, is now a staff attorney for the Chapter 13 Trustee.

7. The last correspondence from counsel for MTGLQ Investors LP on November 6, 2017, advised that at that time the amount necessary to bring the mortgage contractually current was $17,829.62. At that same time, Debtor's counsel provided some proof of payments to JP Morgan Chase Bank and Discover, but no definitive information on a payoff figure as to the latter creditor. No further information has been provided.

8. The Chapter 13 Trustee respectfully requests that Debtor be ordered to (1) identify the remaining amounts owed to creditors with filed and allowed claims; and (2) to modify the Chapter 13 Plan, in accordance with 11 U.S.C. § 1329(a)(1) and (2), to allow the Trustee to make such payments until the short term obligations are paid in full and the long term obligations are brought contractually current.

WHEREFORE, the Chapter 13 Trustee requests that this Honorable Court grant the instant motion to modify Chapter 13 Plan, and for all such other relief as this Court deems just and proper.

February 13, 2018    By: s/Adam M. Goodman
Adam M. Goodman
Chapter 13 Trustee
P.O. Box 1169
Denver, CO 80201
Phone: (303) 830-1971
Fax: (303) 830-1973
agoodman@ch13colorado.com